[Civ. No. 1581.    Third Appellate District.—November 1, 1916.]

L. A. HARBAUGH, Appellant, v. LASSEN IRRIGATION COMPANY (a Corporation), Respondent.

EXECUTION—GREATER AMOUNT THAN JUDGMENT—QUASHING OF WRIT.— Where an execution is issued for a greater amount than that for which the judgment was rendered, it may be quashed on motion.

ID.—JURISDICTION—DIFFERENT JUDGES.—The jurisdiction of the court to quash the writ is not affected by the fact that the judge who presided at the hearing of the motion to quash was a different judge from the one who presided when the writ was ordered to issue.

APPEAL from an order of the Superior Court of Lassen County recalling and quashing an execution. H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

F. A. Kelley, for Appellant.

Pardee & Pardee, for Respondent.

BURNETT, J.—The appeal is from an order granting defendant's motion to recall and quash an execution. The judgment in the cause was rendered October 16, 1907. An attempt was made to have this judgment reviewed by the appellate court, but the appeal was dismissed on August 12, 1914. On May 20, 1915, the superior court of Lassen County, Honorable J. O. Moncur, Judge presiding, made an order directing execution to issue on said judgment and the clerk of said superior court issued an execution under the seal of said court on the twenty-seventh day of November following. A copy of this writ is set out in the transcript. It recites that "$586.95, with interest, is now (at the date of this writ) actually due on said judgment," and contains the usual direction to the sheriff to satisfy said judgment. Then follows in the transcript a copy of the "order granting motion to settle and quash execution." It recites:

"The defendant's motion, issued in the above entitled court and cause, to recall and quash execution, coming on regularly to be heard on Monday, April 3rd, 1916, at two o'clock p. m., Pardee & Pardee for the motion, and no one appearing for plaintiff, the evidence on said motion being presented . . . the said motion was then submitted, and the same being by the court duly considered, it is ordered that the motion be and the same is hereby granted, and the said execution be and the same is hereby recalled and quashed.

"CLARENCE A. RAKER,

"Judge of the Superior Court of the State of California, in and for the County of Modoc, presiding in the above entitled court and cause on the hearing of said motion."

It is apparent that the transcript is quite incomplete, as it does not contain a copy of the notice of said motion or of the papers used on the hearing in the court below as required

by section 951 of the Code of Civil Procedure. Nor is there any bill of exceptions or other document setting forth in any way the evidence upon which the court below acted. We may, therefore, accept as true the statement of other facts by respondent. Indeed, appellant does not question the accuracy of said statement. It seems that the only language in said judgment which purported to be an adjudication of the matters at issue was as follows: "Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged and decreed, that the plaintiff do have and recover from defendant plaintiff's costs and disbursements incurred in this action, amounting to the sum of Eighty-six and 95/100 Dollars." As we have seen, the execution, issued November 27, 1915, recites that the judgment was for the sum of $500 and costs $86.95, or a total of $586.95.

In the meantime, L. A. Harbaugh, the plaintiff, died on or about the twenty-third day of July, 1915, and at the time the order appealed from was made, no proceedings had been taken for administration of his estate. The grounds of the motion were fully stated in the notice and included the following: "That the writ contained an erroneous statement that the judgment in the case was for $500, together with $86.95 costs; whereas, the judgment was for $86.95 costs, only," and "that owing to the death of the plaintiff prior to the date when the execution was issued, the attorney for plaintiff had no authority to cause an execution to be issued and placed in the hands of the sheriff."

We must presume that said motion was supported at the hearing by competent-evidence, and we are not required to go further than to base the decision upon said first ground mentioned.

It is undoubtedly the rule that an execution issued on a judgment which does not authorize it may be quashed on motion. (17 Cyc. 1154.) The judgment being for $86.95, and the execution for $586.95, the latter, of course, was unauthorized.

We can see no merit in the contention that the court was without jurisdiction, for the reason that one judge was presiding when the writ was ordered to be issued and a different judge when the writ was recalled. It was the same court, and both judges had the same authority. It is not disputed that Judge Moncur could have quashed the writ. It must

follow that Judge Raker had power to do the same, since his jurisdiction was coextensive with that of the former. Indeed, in either case, the act was that of the court rather than of the judge.

Section 182 of the Code of Civil Procedure has no application to the condition herein revealed. That section provides: "If an application for an order, made to a judge of a court in which the action or proceeding is pending, is refused in whole or in part, or is granted conditionally, no subsequent application for the same order shall be made to any court commissioner, or any other judge, except of a higher court." The subsequent application here was manifestly not for the same order. The fact is that its purpose was to prevent a violation of the first order. This latter was in effect, of course, to have an execution issued in accordance with the judgment. This was not done, and it was for the correction of this error that the second application was made.

There is nothing in this proceeding, we may state, that would prevent the issuance and operation of a proper writ of execution in accordance with said judgment.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 1, 1916, and the following opinion then rendered thereon:

THE COURT.—In his petition for rehearing, appellant calls attention to a certified copy of the judgment entered in the superior court in the above-entitled cause. Said copy was filed herein after our former opinion was rendered and without any suggestion of diminution of the record. Under the recognized practice, we would be justified in disregarding said document. However, we have examined it and we find that the said judgment was radically defective, and through someone's carelessness it utterly failed to determine and decree the amount to which plaintiff was entitled under the verdict of the jury. It does, indeed, recite said verdict, but the judgment is as follows: "Wherefore by virtue of the law and by reason of the premises aforesaid, it is ordered, adjudged and. decreed that the plaintiff do have and recover from said defendant plaintiff's costs and disbursements in-

curred in this action amounting to the sum of eighty-six and 95/100 dollars."

It may be that, upon proper application, the lower court may be warranted in correcting the mistake and making the said judgment conform to the verdict. But there seems no way open to us in this proceeding to accomplish the desired result, although if legally possible, some remedy should be afforded.

The petition for rehearing is denied.